**Case No. 23-2500**

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA

v.

VICTOR CLAYTON,
*Appellant*

Appeal from the amended judgment entered on August 4, 2023,
in the United States District Court for the Eastern District of Pennsylvania,
Hon. R. Barclay Surrick, at Criminal No. 18-524-RBS-1

**BRIEF OF APPELLANT AND JOINT APPENDIX VOLUME I
(Joint Appendix, pages 1-18)**

LUIS A. ORTIZ, ESQUIRE
CJA Counsel in the
Eastern District of Pennsylvania

Attorney for Appellant,
Victor Clayton

Law Offices of Luis A. Ortiz Esq.
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 858-3787

## Table of Contents

Page

Statement of Jurisdiction ............................................................................. 1

Statement of the Issues and Procedural History of Issue One ................................... 2

Standards of Review...................................................................................... 4

Statement of Related Cases and Proceedings............................................................ 5

Statement of the Case ..................................................................................... 6

Argument One ............................................................................................... 7

     The district court erred in awarding $3,600 to minor 1 because
     the defendant pled guilty only to attempted sex trafficking of a
     minor and the $3,600 dollars awarded was not linked and did
     not flow from the offense of conviction.

Conclusion.................................................................................................. 10

Certifications of Counsel.................................................................................. 12

<u>Table of Authorities</u>

<u>Page</u>

**Cases**

***Friday v. A.G. United States,***
  750 Fed Appx 114 (3d Cir. 2018) .........................................................8

**Hughey V. United States,**
  495 U.S. 411, 109 L. Ed. 2d 408 110 S. Ct. 1979 (1990) ....................7

***United States v. Akende***
  200 F.3d 136 (3d Cir. 1999) .................................................................8

***United States v. Broughton Jone****s*
  71 F.3d 1143 (4th Cir. 1995) ...............................................................8

***United States v. Jacobs,***
  167 F.3d 792 (3d Cir.1999) ..................................................................9

***United States v. Kane***,
  944 F.2d 1406 (7th Cir.1991)................................................................8

***United States v. Silkowski***,
  32 F.3d 682 (2d Cir. 1994) ...............................................................8,9

***United States v. Vitillo***,
  490 F.3d 314 (3d Cir. 2007) .................................................................8

***United States v. Quillen***,
  335 F. 3d 219 (3d Cir. 2003). ...............................................................8

 **Statutes**

18 U.S.C. § 1291 ......................................................................................1

18 U.S.C. § 1591(a)(1)..........................................................................2,6

18 U.S.C. § 1594......................................................................................2,6

18 U.S.C. § 1593......................................................................................9

18 U.S.C. § 3663A ...................................................................................9

**Other Provisions**

Fed. R. Crim P. 11(c)(1)(C) ........................................................................6

U.S.S.G. § 1B1.3 .........................................................................................8

## Statement of Jurisdiction

The United States District Court for the Eastern District of Pennsylvania had subject matter jurisdiction under 18 U.S.C. § 3231 (district court jurisdiction over "all offenses against the laws of the United States").  In an appeal from the final judgment in a criminal case, courts of appeals have jurisdiction under 28 U.S.C. § 1291 (jurisdiction over "[f]inal decisions of district courts").

Notice of appeal was filed August 17, 2023. Joint Appendix, page 1, Volume I, hereinafter "Appx00001".  This appeal is from the final amended judgment entered by the U.S. District Court for the Eastern District of Pennsylvania, Surrick, J., on August 4, 2023.  Appx00002-00008.

1

<u>Statement of the Issues and Procedural History of Issue One</u>

The district court erred in awarding restitution of
$3,600 to minor 1 when the defendant pled guilty
only to attempted sex trafficking of a minor and
the $3600 dollars awarded was not linked and did
not flow from the offense of conviction.

<u>Procedural history of *Issue One*</u>

The Government charged defendant with two counts of sex trafficking and

attempted sex trafficking under 18 U.S.C. §§ 1591(a)(1) and 1594(a) on November

15, 2018. SAppx00043-00047 The defendant subsequently pled guilty to two

counts of attempted sex trafficking of a minor pursuant to a written plea agreement

on November 16, 2021. SAppx00048-0059. The Government filed a supplemental

sentencing memorandum requesting restitution for minor 1 and 2 on September 26,

2022. SAppx00143-00154. At the defendant's September 28, 2022, sentencing

hearing the District Court held that it would order restitution, but deferred

judgment on the amount until Defendant had the ability to respond. Defendant

subsequently filed an objection to the Government's calculation of restitution in its

supplemental sentencing memorandum from soliciting Minor 1 and 2 on October

20, 2022. SAppx00060-00069. On December 27, 2022, the District Court found

that the Government had followed established methodology in calculating Minor

1's restitution for $3,600 in ill-gotten gains but had failed to provide any support

2

for the duration and frequency of Minor 2's therapy or prove a causal nexus to Defendant's actions. (Memorandum, 12/27/22; ECF No. 247.)  Appx00009-00015.

The District Court did allow the Government an additional 90 days to support its request for Minor 2's restitution and any additional restitution for Minor 1. Appx00015 After a second 90-day extension, the Government responded to the District Court's Memorandum Opinion, stating that Minor 1 had not provided any additional information about her financial costs and that the Government had been unable to contact Minor 2 for additional information about her need for weekly therapy for two years as a result of Defendant's crimes. (Gov't's Additional Response, at 1-2; ECF No. 268.) SAppx00161-00166. Accordingly, the Government withdrew its request for restitution for Minor 2 and continued to request only $3,600 in restitution for Minor 1. The District Court filed an amended Judgement on the defendant's case on August 4, 2023 as to the defendant's two counts of attempted sex trafficking ordering restitution in the amount of $3,600. Notice of appeal was filed August 17, 2023.  Appx00001

## *Standards of Review*

Whether the district court's determination of restitution was lawful is a question of law subject to plenary review and the amount rewarded is reviewed for plain error. *United States v. Jacobs,* 167 F.3d 792, 765 (3d Cir. 1999).

Statement of Related Cases and Proceedings

Defendant has filed a Pro Se writ of mandamus docketed in the United States Court of Appeals for The Third Circuit at 23-1070. This matter relates to sentencing restitution matters.   Defendant's counsel previously filed an appeal requesting the dismissal of of counts 1 and 2 and alleging a breach of the plea agreement in the United States Court of Appeals for The Third Circuit docketed at 23-2908. The instant appeal, docketed at 23-2500, and the aforementioned appeal, docketed at 23-2908, have already been consolidated for purposes of disposition only.

Undersigned counsel is unaware of any other case or proceeding which is in any way pending, or about to be presented before this Court, or any other court or agency, state or federal.

<u>Statement of the Case</u>

1.    *Factual background*

On November 15, 2018, a grand jury in the Eastern District of Pennsylvania returned a two-count Indictment charging Victor Clayton with sex trafficking of a minor and attempt, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a) [Counts 1 and 2]. SAppx00043-00047 On November 16, 2021, the defendant appeared before the Honorable R. Barclay Surrick and pleaded guilty to attempted sex trafficking in Counts 1 and 2 of the Indictment. The plea was entered pursuant to a plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C), with an agreed upon sentence range of 180 months to be followed by ten years of supervised release. SAppx00048-00059 The defendant was sentenced to 180 months to be followed by ten years of supervised release on September 28, 2022. (ECF 231) SAppx00031 However, the issue of restitution remained unresolved.

The District Court filed an amended Judgement on the defendant's case on August 4, 2023 as to the defendants two counts of attempted sex trafficking ordering restitution in the amount of $3,600. The District Court found by memorandum that the Government had followed established methodology in calculating Minor 1's restitution for $3,600 but had failed to provide any support for the duration and frequency of Minor 2's therapy or prove a causal nexus to Defendant's actions. Appx00009-00015 Although the government was granted

6

multiple extensions, they were unable to provide any other information regarding

their request for additional restitution and it was not ordered.

<u>Argument One</u>

The district court erred in awarding restitution of
$3,600 to minor 1 when the defendant pled guilty
only to attempted sex trafficking of a minor and
the $3600 dollars awarded was not linked and did
not flow from the offense of conviction.

## **<u>DISCUSSION</u>**

## I.    **THE COURT ERRED IN AWARDING $3,600 TO MINOR 1**

The crux of defendant's appeal is that his offense of conviction in his plea

agreement is for attempted sex trafficking and not sex trafficking.  The $3,600 in

his case was awarded for relevant conduct related to the actual sex trafficking of

Minor 1 contained in his Indictment and not any attempted conduct. Therefore, it is

outside of the scope of his plea agreement, the judgement order, and his offense of

conviction.

In *Hughey v. United States* 495 U.S. 411, 109 L. Ed. 2d 408, 110 S. Ct. 1979

(1990), the Supreme Court found that restitution must be linked directly to the

offense of conviction.  Accordingly, restitution was allowable "only for the loss

caused by the specific conduct that is the basis of the offense of conviction." Id at

413.  The Court in *Hughey* acknowledged that plea agreements may operate to

limit the acts for which restitution might be ordered and pointed out that "the

7

essence of a plea agreement is that [ both sides] make concessions to avoid potential losses" Id at 413. The Third Circuit has also made it abundantly clear that "the conduct underlying the offense of conviction…stakes out the boundaries of restitutionary authority" See *United states v. Akende*, 200 F.3d. 136, 141 (3rd Cir. 1999).

The government and the defendant at no point stipulated to any loss amount in the plea agreement. Appx00041-00052 Therefore, the government was tasked at sentencing with showing by a preponderance, "the actual losses suffered by the victims of the defendant's criminal conduct, and based upon losses directly resulting from such conduct". *United states v. Vitillo* 490 F. 3d. 314, 330 (3d Cir. 2007) (Quoting *United States v. Quillen* 335 F. 3d 219, 226 (3d. Cir. 2003). In other words, establishing the actual loss amount requires the government to establish the actual losses that flowed from the specific offense conduct for which the defendant was convicted. See *Friday v. AG Unites States* 750 Fed Appx 114 (3rd Cir. 2018). In this case Attempted Sex trafficking.

Although Courts might be tempted to use broader concepts like relevant conduct under U.S.S.G. § 1B1.3 to expand the scope of restitution orders they are not permitted too. "Restitution is a special case," because the statutes limit restitution to the losses caused by the offense of conviction. *United States v. Kane*, 944 F.2d. 1406, 1415 n. 7 (7th Cir. 1991) See also *United States v. Silkowski*, 32

8

F.3d 682, at 688 (2d Cir. 1994) (noting that "different considerations" govern the scope of conduct relevant to restitution, in contrast to the scope of the relevant conduct provisions in the Guidelines.) Accordingly, because we look only to the "specific conduct" supporting the offense of conviction, the mere fact that …events may be "factual[lly] connect[ed] … does not make them legally relevant. *United States v. Broughton Jones*, 71 F.3d 1143 at 1148-49 (4ᵗʰ Cir. 1995).

The Statute under which the defendant was convicted is contained in The Trafficking Victims Protection Act ("TVPRA"). The TVPRA states that "the court shall order restitution for any offense under this chapter,". See 18 U.S.C. § 1593(a).  18 U.S.C. § 1593(b)(2) goes on to make it abundantly clear that "an order of restitution under this section shall be issued and enforced….in the same manner as an order under section 3663A."  That is, restitution is controlled statutorily Under The Mandatory Victim Restitution Act ("MVRA") or 18 U.S.C. § 3663A.  All of the aforementioned cases make it clear that restitution pursuant to the MVRA is limited to the offense of conviction or in the alternative agreed to by the defendant in the plea agreement.

In summary, the TVPRA does not carve out a more expansive statutory restitution scheme. Moreover, the defendant's restitution must flow directly from his plea to attempted sex trafficking. The $3,600 restitution ordered for Minor 1

did not arise from any actions related to the defendants attempted sex trafficking and should be rescinded.

The plea agreement states at its outset that the defendant is pleading guilty to attempted sex trafficking. SAppx00048 The defendant did not agree to any restitution amount in the plea agreement. SAppx00048-00059. The District Court noted in it's restitution order at footnote one that the defendant plead guilty to attempted sex trafficking. Appx00016  Finally, the District Court's Amended Judgement reflects a plea to attempted sex trafficking. Appx00002 The government presented no evidence of any restitution with a nexus to defendants attempted sex trafficking. They did present evidence related to restitution of $3,600 that related to the actual sex trafficking proceeds that Minor 1 engaged in. Restitution is limited to the losses that flowed from the offense of conviction. Here the government, presented no evidence of restitution related to the attempted sex trafficking of the defendant and the judgement should be modified rescinding the order of $3,600 in restitution.

## Conclusion

WHEREFORE, it is requested that the amended judgment of conviction be reversed, and that the case be remanded to the district court with instructions to modify the judgement dismissing restitution in the amount of $3,600.

Respectfully submitted,

Date: <u>December 8, 2023</u>

<u>*/s/ Luis A. Ortiz*</u>
LUIS A. ORTIZ, ESQUIRE
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
(215) 858-3787
luisaortiz@comcast.net
Attorney for Appellant, Victor Clayton

11

<u>Certifications of Counsel</u>

I, Luis A Ortiz, Esquire, hereby certify as follows:

1.  I am a member of the Bar of this Court.

2.  Using FedEx 2-Day Delivery, I have this day served an original and Seven copies of the Brief of Appellant and Joint Appendix Volume I II and III upon Patricia S. Dodszuweit, Clerk of the United States Court of Appeals for the Third Circuit, 21400 United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, 19106-1790.

3.  Using First Class United States Mail, I have this day served a copy of the Brief of Appellant and Joint Appendix Volume I, II and III upon Amanda R. Reinitz. Esquire, Office of the United States Attorney, 615 Chestnut Street Suite 1250 Philadelphia, PA 19106.

4.  I have this day filed with the Court an electronic copy of the Brief of Appellant and Joint Appendix Volume I, II and III.

5.  The electronic filing is identical to the paper filing.

6.  This brief contains a total of 2385 words; and

7.  Using my computer's McAfee Security Scan Plus, anti-virus software, I checked the electronic Brief of Appellant and Joint Appendix Volume I for viruses, and no viruses were detected.


Date: <u>December 8, 2023</u>          <u>*/s/ Luis A. Ortiz*</u>
                                       LUIS A. ORTIZ, ESQUIRE
                                       Attorney for Appellant,
                                       Victor Clayton

# Table of Contents

Page

Volume I

Notice of Appeal ...................................................................Appx00001

Judgement in a Criminal Case ................................................Appx00002

Memorandum And Opinion Regarding Restitution ................................Appx00009

Order Requiring Defendant to Pay $3,600 in Restitution.......................Appx00016

Volume II

District Court Docket Entries.................................................. SAppx00019

Indictment Filed November 15 2018 ..................................... SAppx00043

Guily Plea Agreement........................................................... SAppx00048

Defendant's Objection to Victim Impact Statement And Government's Supplemental Sentencing Memorandum ............................... SAppx00060

Defenndant's Reply to Government's Response to Defendant's Objecting to the Governments Supplemental Sentencing Memorandum ....................... SAppx00070

Defendant's Reply to Government Response to The Courts Order And Memorandum On Restitution ................................................ SAppx00077

Transcript of the Change of Plea Hearing ............................ SAppx00082

Transcript of the Sentencing Hearing .................................... SAppx00105

Sealed Volume III

Governments Supplemental Sentencing memo ................................. SAppx000143

Government's Response to Defendant's Motion Objecting to The Government's Supplemental Sentencing Memorandum .............................. SAppx00155

Government's Response Regarding the Court Order and Memorandum on Restitution .......................................................... SAppx00161

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 18-524-1 |
| | : | |
| VICTOR CLAYTON, | : | |
| | : | |
| Defendant. | : | |

## **NOTICE OF APPEAL**

Notice is hereby given that Victor Clayton Defendant, by and through his undersigned attorney, Luis A. Ortiz Esq., hereby appeals to the United States Court of Appeals for the Third Circuit, from the Amended Judgement entered by The Honorable R. Barclay Surrick on August 4, 2023, in the United States District Court for the Eastern District of Pennsylvania.

Dated: <u>August 17, 2023</u>                  <u>/s/ Luis A. Ortiz</u>
LUIS A. ORTIZ, ESQUIRE
121 South Broad Street, 18th Floor
Philadelphia, PA  19107
215-858-3787
Email: luisaortiz@comcast.net

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))
                      Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| VICTOR CLAYTON | Case Number:  DPAE2:18CR000524-001 |
| *also known as* MANNY | USM Number:  71803-066 |
| **Date of Original Judgment:**  9/28/2022 | Luis A. Ortiz, Esquire and Caroline A. Goldner Cinquanto, Esquire |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 and 2 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1591(a)(1) and 1594(a) | Attempted Sex Trafficking of a Minor | 03/15/2018 | 1 |
| 18 U.S.C. §§ 1591(a)(1) and 1594(a) | Attempted Sex Trafficking of a Minor | 03/15/2018 | 2 |

The defendant is sentenced as provided in pages 2 through ____7____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/4/2023
_____
Date of Imposition of Judgment

*s/ R. Barclay Surrick*
_____
Signature of Judge

R. Barclay Surrick, USDJ
_____
Name and Title of Judge

8/4/2023
_____
Date

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Case 2:18-cr-00524-RBS Document 274 Filed 08/04/23 Page 2 of 7
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   7

DEFENDANT: VICTOR CLAYTON
CASE NUMBER: DPAE2:18CR000524-001

## IMPRISONMENT

      The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

180 months on each of Counts 1 and 2 of the Indictment, to run concurrently.

☐    The court makes the following recommendations to the Bureau of Prisons:

☑    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ ☐ a.m. ☐ p.m.   on _____ . _____ .

     ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on ___ _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to ___ _____ _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 2:18-cr-00524-RBS    Document 274   Filed 08/04/23   Page 3 of 7

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of ___7___

DEFENDANT:  VICTOR CLAYTON
CASE NUMBER:  DPAE2:18CR000524-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

10 years on each of Counts 1 and 2 of the Indictment, to run concurrently.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐  You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☑  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Appx00004

AO 245C (Rev. 09/19)    Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:    VICTOR CLAYTON
CASE NUMBER:    DPAE2:18CR000524-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days in advance. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case

Case 2:18-cr-00524-RBS   Document 274   Filed 08/04/23   Page 5 of 7

Sheet 3B — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___5___ of ___7___

DEFENDANT:   VICTOR CLAYTON
CASE NUMBER:   DPAE2:18CR000524-001

## ADDITIONAL SUPERVISED RELEASE TERMS

Within 72 hours after his release from custody, the defendant shall report to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall be prohibited from possessing any firearms or other dangerous device, and he shall not possess an illegal controlled substances.

The defendant shall submit to an initial inspection by the U.S. Probation Office and to any examinations during supervision of the defendant's computer and any devices, programs, or application. The defendant shall abide by the standard conditions of computer monitoring and filtering that will be approved by this Court.

The defendant shall report to the U.S. Probation Office any regular contact with children of either sex under the age of 18. The defendant shall not obtain employment or perform volunteer work which includes regular contact with children under the age of 18.

The defendant shall participate in a sex offender program for evaluation and treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq) as directed by the probation officer.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial information.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation office.

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of   7

DEFENDANT:  VICTOR CLAYTON
CASE NUMBER:  DPAE2:18CR000524-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 3,600.00 * | $ | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Minor 1 | $3,600.00 | $3,600.00 | 100 |

| TOTALS | $ _____ _____ 3,600.00 | $ _____ _ ___ 3,600.00 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____ __ ____ _ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑  the interest requirement is waived for    ☐  fine    ☑  restitution.

☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19)    Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __7__ of __7__

DEFENDANT: VICTOR CLAYTON
CASE NUMBER: DPAE2:18CR000524-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ ___3,800.00___ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

    The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25 per quarter towards restitution. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $50, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*                Total Amount            Joint and Several           Corresponding Payee,
                                                                    Amount                      if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 18-524-RBS |
| VICTOR CLAYTON | : | |
| | : | |

### MEMORANDUM

**SURRICK, J.**                                                    **DECEMBER 27, 2022**

Presently before the Court is Defendant Victor Clayton's *pro se* Motion Objecting to

Victim's Impact Statement and Government's Supplemental Sentencing Memorandum (ECF No.

239), the Government's Response thereto ("Gvt. Rsp.," ECF No. 241), and Defendant's *pro se*

Reply to the Government's Response (ECF No. 245). For the following reasons, the deadline for

imposing restitution under 18 U.S.C. § 3664(d)(5) is extended for 90 days to allow the

Government to present additional evidence.

Defendant entered a plea of guilty to two counts of knowingly recruiting, enticing,

harboring, transporting, providing, obtaining, and maintaining Minor 1 and Minor 2, and

attempting to do so, knowingly and in reckless disregard for the fact that Minor 1 and Minor 2

were under the age of 18 and would be caused to engage in commercial sex acts, in violation of

18 U.S.C. §§ 1591(a)(1) and 1594(a). (Tr. of Guilty Plea Hr'g at 20:11-16, ECF No. 182.) The

Government requested restitution of $3,600 to Minor 1—half of the proceeds from her sex work

that Defendant took for himself—and $10,400 in restitution to Minor 2 to pay for weekly

psychotherapy for two years. (Gvt. Rsp. at 2.)

The Government based its restitution request for Minor 1 on records showing that

Defendant had reserved hotel rooms for a total of 15 days for the purpose of Minor 1 engaging in

commercial sex, and Minor 1's grand jury testimony that each day she was forced to have sex

with approximately six clients for a minimum price of $80 each. (*Id.*) We accept this

calculation of restitution for Defendant's ill-gotten gains from Minor 1. The Government

followed established methodology in calculating the ill-gotten gains restitution required under

18 U.S.C. § 1593(b)(3). *See, e.g., United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir.

2010) (affirming the calculation of restitution for sex trafficking as "(average price of each

commercial sex act) x (average estimated number of commercial sex acts performed) =

restitution," while holding that the district court erred in applying that calculation in the case at

bar).

The Government based its request for Minor 2's weekly psychotherapy on her victim

impact statement, describing the trauma that Defendant's attempted trafficking and sexual assault

had caused her, and an "Affidavit," in which a Government paralegal reported in an unsigned

document that she had contacted the United States Department of Health and Human Services

and received an estimate of the average hourly cost of such treatment in the area. (Supp.

Sentencing Memo., Exhibit A.) This evidence is insufficient.

Under the Trafficking Victims Protection Reauthorization Act (TVPRA), a sex

trafficking victim is entitled to mandatory restitution for the "full amount of the victim's losses

. . . ." 18 U.S.C. § 1593(b)(1). The TVPRA defines this amount by reference to 18 U.S.C. §

2259(c)(2) as "any costs incurred, or that are reasonably projected to be incurred in the future, by

the victim, as a proximate result of the offenses involving the victim . . . ." *Id.* This includes,

*inter alia*, "medical services relating to physical, psychiatric, or psychological care" and "lost

income[.]" *Id.* The Government bears the burden of proving the proper amount of restitution by

2

the preponderance of the evidence. *United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007)

(citing 18 U.S.C. § 3664(e)).

The Government did not meet its burden here. First, the Government provides no basis

for its conclusion that the correct treatment for Minor 2's trauma is very specifically two (and

only two) years of weekly psychotherapy. There is no doubt from Minor 2's victim impact

statement, and the plain facts to which defendant pled, that she suffered severe trauma and is in

need of mental health treatment. Furthermore, despite its informal presentation, we accept the

Government's representation of the price of such treatment in the area. However, the suggested

length and frequency of that treatment, which of course dictates its total cost, appears arbitrary

and thus cannot form the basis for restitution. *See United States v. Dagostino,* 520 Fed. App'x

90, 92 (3d Cir. 2013) ("The Government submitted only one victim impact statement. The

statement contained a devastating portrayal of an adult haunted by grotesque and unjustifiable

wrongs done to her as a child . . . Unfortunately, however, the Government's failure to submit

timely some evidence by which to measure [the victim's] financial loss precludes us from

affirming the District Court's modest restitution order."); *United States v. Julian*, 242 F.3d 1245,

1248 (10th Cir. 2001) ("[R]estitution orders pertaining to costs associated with medical and

related services must be specific and contain 'details as to dollars not generalities,' and . . . the

district court must support its restitution order with findings of fact in the record."); *United States

v. Laney,* 189 F.3d 954, 967 n.14 (9th Cir. 1999) ("district courts must estimate the amounts that

victims will spend on future counseling with reasonable certainty, in accordance with the

procedures set forth in 18 U.S.C. § 3664.").

In addition, while we would like to think it self-evident that Defendant's crimes against

Minor 2 necessitate mental health treatment, the law requires more, which the Government did

3

not provide. Specifically, the Government was required to "establish that the defendant's

conduct has directly and proximately caused the losses for which the Government seeks

restitution." *United States v. Anthony*, 22 F.4th 943, 950 (11th Cir. 2022) (internal quotation

marks omitted). Defendant correctly argues that Minor 2 required mental health treatment prior

to his crimes against her. While this does not foreclose restitution for treatment to address those

crimes, the Government is required to differentiate between the treatment Minor 2 seeks as a

direct and proximate cause of Defendant's crimes and that which she would have sought

regardless. *See id.* ("In recommending restitution for a lifetime of therapy and medication costs,

[the Government's expert] did not even attempt to disaggregate the harms Mr. Anthony caused

from the other harms R.W. suffered.").

     In nearly every case found addressing this topic, the Government has met its burden by

offering expert testimony linking the need for treatment to the defendant's actions, diagnosing

the victim, and opining on what type and length of treatment is necessary. For example, the

Third Circuit has affirmed a district court determination that a defendant distributing child

pornography of the victim was the proximate cause of her need for psychiatric care because:

> In reaching its conclusion, the District Court relied upon the expert opinion of
> Jodi Pritchard, a licensed social worker and treatment coordinator at the long-term
> psychiatric facility where the girl was treated. In a letter to the court, Ms.
> Pritchard stated that Crandon's contacts with the victim were "a significant
> contributing factor in [the girl's] worsening depression and suicide ideation." The
> government also presented a report of the psychiatrist who treated the girl and
> concluded that Crandon's conduct "exacerbated" her depression and led to her
> hospitalization.

*United States v. Crandon,* 173 F.3d 122, 126 (3d Cir. 1999) (citations omitted) (alterations in

original). *See also, e.g., United States v. Sanderson,* 515 Fed. App'x 16, 19 (2d Cir. 2013) ("The

government's proposed figure was supported by the affidavit of a licensed social worker who

had worked extensively with the victim, and who stated that she based her conclusions regarding

future need for care upon her professional experience."); *United States v. Palmer*, 643 F.3d 1060, 1068 (8th Cir. 2011) ("[The] expert opinion provided the district court with a reasonable estimate of the child's future costs of psychological treatment, and such opinion stands unrebutted in the record."); *United States v. Sukhtipyaroge*, 394 F. Supp. 3d 951, 963-64 (D. Minn. 2019) ("In support of its restitution request, the United States presented the testimony of A.S.M.'s therapist, William Carlson. Carlson testified credibly about A.S.M.'s clinical diagnosis, A.S.M.'s need for past and ongoing treatment, and the costs associated with treatment and medication. Carlson prepared a report that calculated the projected cost of treatment and medication through December 2019, based on Carlson's assessment as to the necessary length and frequency of treatment.").

Moreover, even when the Government *does* present an expert, courts may decline to impose the requested restitution where the expert's opinion does not sufficiently outline the parameters for the victim's treatment or connect it to the defendant's conduct. *See, e.g., Anthony, supra; United States v. Jennings,* No. 09-50, 2010 WL 4236643, at *2 (W.D. Mo. Oct. 14, 2010) ("Although the Court finds [the Government's expert] to be credible, well-meaning, and accomplished, his opinion here is inherently speculative because it is based on severly [sic] limited information[,] . . . the resiliency of victims varies widely, and there is no way a court can accurately determine a victim's future mental health needs without an individualized assessment."). Given that the Government's attempt to estimate restitution did not rise to this level, we cannot conclude that it allows for a restitution award "based on the amount of loss *actually* caused by the defendant's conduct." *United States v. Huff,* 609 F.3d 1240, 1247 (11th Cir. 2010) (emphasis in original) (citations omitted).

5

Requiring additional evidence does not just protect defendants' rights, but also the victims'. Restitution is mandatory under the TVPRA and the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(f)(1)(A); this Court has no discretion to "award restitution for anything less than the full amount of the victim[s'] losses[.]" *United States v. Desnoyers,* 708 F.3d 378, 389 (2d Cir. 2013). We are required "to make the victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." *United States v. Robers,* 698 F.3d 937, 943 (7th Cir. 2012) (internal quotation marks omitted). The Government's evidence in its current state does not allow us to do this. For example, there is no explanation or medical basis for why Minor 2 requires only two years of psychotherapy when courts routinely award restitution for a lifetime of mental health treatment to victims of sex trafficking. *See, e.g., United States v. Lewis,* 791 F.Supp.2d 81, 87-88 (D.D.C. 2011) (granting restitution for "weekly therapy into adulthood" to one victim of sex trafficking and "a lifetime of ongoing individual therapy" to three others).

We also note that there is no restitution request for mental health treatment of Minor 1 who, unlike Minor 2, Defendant successfully forced to perform commercial sex with at least six men per day for 15 days. Nor does the Government account for the fact that "mental and physical health alone rarely tell the whole story of the losses incurred by victims, evidenced by the statute's affirmative inclusion of costs like transportation, housing, and child care." *United States v. Whitley*, 354 F. Supp. 3d 930, 935 (N.D. Ill. 2019). Indeed, another district court has recognized that, according to scientific research, "[s]ex trafficking victims who escape abusive situations often need an array of financial and other supports to begin building stable lives . . . includ[ing] housing assistance, legal assistance, physical . . . health services . . . substance abuse treatment, education, and job training, among other services." *Id.* at 236 (internal quotation

6

marks omitted).  For these reasons, "[t]he CDC recently estimated the lifetime burden . . . to be

$210,012 per victim.  This includes immediate costs, as well as loss of productivity and

increased healthcare costs in adulthood."  *Id.*  (internal quotation marks omitted).

It may be that Minor 1 and Minor 2 did not request and do not want restitution for these

costs, or that a medical diagnosis of either of them does not support it.  However, that must be

made clear for this Court to ensure that the victims are fully compensated for their actual losses,

as it is required to do.  Accordingly, we will extend the deadline for imposing restitution under

18 U.S.C. § 3664(d)(5) for 90 days to allow the Government to present additional evidence in

support of its request for two years of weekly therapy for Minor 2, and for any additional costs

for Minor 1 or Minor 2 that may be warranted based upon that new evidence.  *See United States

v. Fumo,* 655 F.3d 288, 321-22 (3d Cir. 2011) (citing *Dolan v. United States,* 560 U.S. 605

(2010)) ("[T]he 90–day 'deadline' for determining the victim's losses does not bar a court from

ordering restitution even after 90 days as long as there is no substantial prejudice to the

defendant.").  We discern no substantial prejudice to Defendant in doing so, as he has already

been sentenced and this order was prompted by his objection to the Government's request for

restitution.

For the foregoing reasons, the deadline to impose restitution is extended for 90 days to

allow the government to present additional evidence consistent with this Memorandum.  An

appropriate Order follows.

BY THE COURT:


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 18-524-RBS |
| VICTOR CLAYTON | : | |
| | : | |

### ORDER

**AND NOW**, this 4th day of August 2022, upon consideration of Defendant Victor

Clayton's *pro se* Motion Objecting to Victim's Impact Statement and Government's

Supplemental Sentencing Memorandum (ECF No. 239), the Government's Response thereto

(ECF No. 241), Defendant's *pro se* Reply to the Government's Response (ECF No. 245), the

Government's Additional Response Regarding the Court's Order and Memorandum of

Restitution (ECF No. 268), and Defendant's *pro se* Reply to the Government's Additional

Response (ECF No. 271), it is hereby **ORDERED** as follows:

1. Defendant's *pro se* Motion Objecting to Victim's Impact Statement and
   Government's Supplemental Sentencing Memorandum (ECF No. 239) is
   **DENIED**; and

2. Defendant is **ORDERED** to pay restitution in the amount of $3,600 to Minor 1.

**IT IS SO ORDERED.**[1]

**BY THE COURT:**

**/s/ R. Barclay Surrick**
**R. BARCLAY SURRICK, J.**

---

[1] The Government charged defendant with two counts of sex trafficking and attempted
sex trafficking under 18 U.S.C. §§ 1591(a)(1) and 1594(a). He subsequently pled guilty to two
counts of attempted sex trafficking. (Judgment at 1; ECF No. 232.) At the sentencing hearing
on December 28, 2022, this Court held that it would order restitution per the Government's
request, but deferred judgment on the amount until Defendant had the ability to respond.

(Transcript of Sentencing Hearing, 35:9-11; ECF No. 250.) Defendant subsequently filed an objection to the Government's calculation of his ill-gotten gains from soliciting Minor 1 for sex, prompting a correction by the Government to $3,600, or half of Minor 1's earnings that defendant had kept for himself. Defendant also argued that the Government had not adequately supported its request of $10,400 in restitution for Minor 2's weekly psychotherapy for two years. On December 27, 2022, we held that the Government had followed established methodology in calculating Minor 1's restitution for $3,600 but had failed to provide any support for the duration and frequency of Minor 2's therapy or prove a causal nexus to Defendant's actions. (Memorandum, 12/27/22; ECF No. 247.) We granted the Government an additional 90 days to support its request for Minor 2's restitution and any additional restitution for Minor 1. (*Id.*) After a second 90-day extension, the Government responded to this Court's Memorandum Opinion, stating that Minor 1 had not provided any additional information about her financial costs and that the Government had been unable to contact Minor 2 for additional information about her need for weekly therapy for two years as a result of Defendant's crimes. (Gov't's Additional Response, at 1-2; ECF No. 268.) Accordingly, the Government withdrew its request for restitution for Minor 2 and continued to request only $3,600 in restitution for Minor 1. (*Id.* at 2.)

In our Memorandum Opinion, we noted that Restitution for the "full amount of the victim's loses" is mandatory under the Trafficking Victims Protection Reauthorization Act (TVPRA). 18 U.S.C. § 1593(b)(1). Moreover, under the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(f)(1)(A), this Court has no discretion to "award restitution for anything less than the full amount of the victim['s] losses[.]" *United States v. Desnoyers*, 708 F.3d 378, 389 (2d Cir. 2013). On the other hand, it is the Government's burden to prove the proper amount of restitution by a preponderance of the evidence. *United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007) (citing 18 U.S.C. § 3664(e)). Where the Government does not meet its burden, a district court cannot impose otherwise mandatory restitution. *See United States v. Anthony,* 22 F.4th 943, 953 (10th Cir. 2022) ("The Government faults the district court for failing to award restitution, asserting that Congress has made restitution mandatory. Although the TVPRA makes restitution mandatory, '[r]estitution may be ordered only for losses actually resulting from the offense of conviction.' The Government failed to prove that, but for Mr. Anthony's offense, R.W. would not have suffered the losses for which the Government seeks restitution. We therefore affirm the district court.").

Accordingly, we impose only the Government's request of $3,600 for Minor 1, having previously noted that the Government followed established methodology for calculating Defendant's ill-gotten gains in that respect:

> The Government based its restitution request for Minor 1 on records showing that Defendant had reserved hotel rooms for a total of 15 days for the purpose of Minor 1 engaging in commercial sex, and Minor 1's grand jury testimony that each day she was forced to have sex with approximately six clients for a minimum price of $80 each. We accept this calculation of restitution for Defendant's ill-gotten gains from Minor 1. The Government followed established methodology in calculating the ill-gotten gains restitution required under 18 U.S.C. § 1593(b)(3).

(Memorandum, 12/27/22, at 2) (citing *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010) (affirming the calculation of restitution for sex trafficking as "(average price of each

2

commercial sex act) x (average estimated number of commercial sex acts performed) =
restitution")).

Defendant's objection to this restitution on the basis that he pled guilty only to *attempted*
sex-trafficking is unavailing. (Def. Reply, at 1; ECF No. 271). The TVPRA clearly states that
"the court shall order restitution for *any offense* under this chapter," 18 U.S.C. § 1593(a)
(emphasis added), and the subsequent section of the act states that "whoever *attempts* to violate
section . . . 1591 shall be punishable *in the same manner* as a completed violation of that
section." 18 U.S.C. § 1594(a) (emphasis added). Therefore, any restitution that the Government
could prove by a preponderance of the evidence was mandatory regardless of whether defendant
was convicted of sex trafficking or attempted sex trafficking. Despite offering Defendant a plea
deal for the inchoate offense, the Government successfully proved by the preponderance of the
evidence that he in fact solicited Minor 1 for sex and retained half of the proceeds. This is
sufficient to prove Defendant's ill-gotten gains.

3